**Click here to Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ▾

**07/14/2024**

**Affidavit Special Process Serv**
Plaintiffs Memorandum Filing Return of Service on Defendant Jessica Mackey; Exhibit 1 - Affidavit of Service.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner
**Family Member/Roommate Served**
Document ID - 24-SMCC-4952; Served To - MACKEY, JESSICA; Server - ; Served Date - 11-JUL-24; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**07/10/2024**

**Jury Trial Scheduled**

    **Scheduled For:** 05/19/2025; 9:00 AM; ELIZABETH BYRNE HOGAN; City of St. Louis

**06/28/2024**

**Alias Summons Issued**
Document ID: 24-SMCC-4952, for MACKEY, JESSICA.

**06/27/2024**

**Motion Special Process Server**
Request for Appointment of Process Server.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner

**06/21/2024**

**Affidavit Special Process Serv**
Plaintiffs Memorandum Filing Return of Service on Defendant Mead Johnson Nutrition Company; Executed Return.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner
**Affidavit Special Process Serv**
Plaintiffs Memorandum Filing Return of Service on Defendant Mead Johnson Company, LLC; Executed Return.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner
**Corporation Served**
Document ID - 24-SMCC-3623; Served To - MEAD JOHNSON NUTRITION COMPANY; Server - ; Served Date - 20-JUN-24; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served
**Corporation Served**
Document ID - 24-SMCC-3622; Served To - MEAD JOHNSON & COMPANY, LLC; Server - ; Served Date - 20-JUN-24; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**06/19/2024**

**Summons Issued-Circuit**
Document ID: 24-SMCC-3624, for MACKEY, JESSICA.
**Summons Issued-Circuit**
Document ID: 24-SMCC-3623, for MEAD JOHNSON NUTRITION COMPANY
**Summons Issued-Circuit**
Document ID: 24-SMCC-3622, for MEAD JOHNSON & COMPANY, LLC.

**06/14/2024**

**Request Filed**
Request for Special Process Server.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner
**Request Filed**
Request for Special Process Server.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner

**Proposed Order Filed**

Order Appointing Next Friend.

    **Filed By:** JOHN FRANCIS GARVEY JR

    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner

**Motion to Appoint Next Friend**

Petition for Appointment of Next Friend; Consent to Act as Next Friend.

    **Filed By:** JOHN FRANCIS GARVEY JR

    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner

**Filing Info Sheet eFiling**

    **Filed By:** JOHN FRANCIS GARVEY JR

**Pet Filed in Circuit Ct**

Petition.

    **Filed By:** JOHN FRANCIS GARVEY JR

    **On Behalf Of:** CADENCE COLLINS, Minor Plaintiff/Petitioner

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

**2422-CC01642**

## IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| MEAD JOHNSON & COMPANY, LLC, | ) ) |
| SERVE: CSC-Lawyers Incorporating Service Company<br>221 Bolivar St.<br>Jefferson City, Missouri 65101 | ) ) ) ) |
| and | ) ) |
| MEAD JOHNSON NUTRITION COMPANY, | ) ) |
| SERVE: CSC-Lawyers Incorporating Service Company<br>221 Bolivar St.<br>Jefferson City, Missouri 65101 | ) ) ) ) |
| and | ) ) |
| JESSICA MACKEY<br>SERVE: Jessica Mackey<br>1044 Haversham Pl.<br>St. Louis, MO 63131 | ) ) ) ) |
| *Defendants*. | ) ) ) |

Cause No.

**JURY TRIAL DEMANDED**

## PETITION

Plaintiffs Cadence Collins, individually and as Next Friend of her minor child K.M., brings

this Petition and Demand for Jury Trial (the "Petition") against Mead Johnson & Company, LLC,

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

Mead Johnson Nutrition Company (collectively, "Mead Johnson"), and Jessica Mackey (together with the Mead Johnson, "Defendants").  Plaintiffs allege the following upon personal knowledge as to Plaintiffs' own acts and experiences and upon information and belief, including investigation conducted by Plaintiffs' attorneys, as to all other matters:

## NATURE OF THE ACTION

1.      This action arises out of the injuries suffered by K.H. when, as a premature infant, she received Mead Johnson's cow's milk-based infant feeding products while at St. Louis Children's Hospital ("Childrens").  Mead Johnson's products caused K.H. to develop necrotizing enterocolitis ("NEC"), a life-altering and potentially deadly disease that largely affects premature babies who are given cow's milk-based feeding products.  As a result, K.H. was seriously injured, resulting in long-term health effects.

2.      Plaintiffs bring this cause of action against Defendants to recover for injuries that are the direct and proximate result of K.H. receiving Mead Johnson's unreasonably dangerous cow's milk-based infant feeding products.

## PARTIES

3.      Plaintiff Cadence Collins is a natural person and a resident of Illinois.  Ms. Collins is the mother of Plaintiff K.H., a minor.

4.      Defendant Mead Johnson Nutrition Company is a corporation, incorporated under the laws of the State of Delaware.  Its principal place of business is in Illinois.  Defendant Mead Johnson & Company, LLC, is a limited liability company, organized under the laws of the State of Delaware.  Its citizenship is that of its sole member, Mead Johnson Nutrition Company.  Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC, are

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

manufacturers of cow's milk-based infant feeding products and market many of these products under the "Enfamil" brand name.

5.    Defendant Jessica Mackey is a sales representative for Mead Johnson. Upon information and belief, she has served in this position since August 2018. Ms. Mackey is a natural person and resident of St. Louis, MO.

## JURISDICTION AND VENUE

6.    At all relevant times, Defendants had, and continue to have, regular and systematic contact with and conduct business in and from the State of Missouri, such that they have purposefully availed themselves of the laws of the State and expect to both sue and be sued in Missouri.  In the alternative, Defendants' presence in the State of Missouri satisfies the due process requirements for Missouri courts to exercise jurisdiction over them.  In the alternative, Defendants have consented to the exercise of jurisdiction over them by Missouri courts by registering and conducting business from the State of Missouri.  In the alternative, Defendant Jessica Mackey resides in and is a citizen of the State of Missouri.

7.    Missouri's general venue statute, Mo. Rev. Stat. § 508.010.4, provides as follows:

Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the acts or conduct alleged in the action.

8.    Venue is proper in the Twenty-Second Judicial Circuit pursuant to Mo. Rev. Stat. § 508.010.4 because Plaintiff K.H. developed NEC after first being exposed to Mead Johnson's products while receiving care in St. Louis, Missouri.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

## FACTUAL ALLEGATIONS

### *K.H.'s NEC Diagnosis*

9.      K.H. was born prematurely at Barnes-Jewish Hospital in St. Louis, Missouri on September 4, 2021.  She was 25 weeks and 3 days gestational age.

10.      K.H. initially received human milk and human milk-based products. Notwithstanding that diet, K.H. was diagnosed with medical NEC on September 15, 2021. Fortunately, her medical NEC was able to be treated with antibiotics.

11.      Following resolution of her medical NEC, K.H. was again fed a human milk diet, on which she remained healthy and was developing well.

12.      K.H. reached 32 weeks gestational age on October 20, 2021.  On or about that day, and notwithstanding her prematurity and previous diagnosis of medical NEC, she was transitioned to Enfamil formula .

13.      Almost immediately, K.H. began to develop significant symptoms of NEC.

14.      The disease progressed rapidly, and K.H. was required to undergo surgery on October 22, 2021.  It was the first of multiple surgeries K.H. would be forced to endure as a result of NEC.

15.      K.H.'s recurrent NEC was induced by Mead Johnson's formula.  As a result of that formula feeding, K.H. suffered and continues to suffer from permanent and severe injuries.

### *Cow's Milk-Based Feeding Products Are Known To Cause NEC*

16.      NEC is a devastating disease that is the most frequent and lethal gastrointestinal disorder affecting preterm infants.  NEC develops when harmful bacteria breach the walls of the intestine, causing portions of the intestine to become inflamed and often to die.  Once NEC

develops, the condition can progress rapidly from mild feeding intolerance to systemic and fatal sepsis.  Up to 30 percent of NEC-diagnosed infants die from the disease.

17.    Preterm and low-birth-weight infants are especially susceptible to NEC because of their underdeveloped digestive systems.  Extensive scientific research, including numerous randomized controlled trials, has confirmed that cow's milk-based feeding products cause NEC in preterm and low-birth-weight infants, which in turn may lead to other medical complications, surgeries, long-term health problems, and death.

18.    For example, in one randomized, multicenter study of 926 preterm infants, NEC was *six to ten* times more common in exclusively cow's milk formula-fed babies than in exclusively breast milk-fed babies and *three times* more common in babies who received a combination of formula and breast milk.  For babies born at more than 30 weeks gestation, NEC was *20 times more common* in those only fed cow's milk formula than in those fed breast milk.

19.    Another randomized controlled trial showed that preterm babies fed an exclusive breast milk-based diet were *90% less likely* to develop surgical NEC (NEC that requires surgical treatment), compared to preterm babies fed a diet that included some cow's milk-based products.

20.    Yet another study that analyzed the data from a 12-center randomized trial concluded that fortification of breast milk with a cow's milk-based fortifier resulted in a 4.2-fold increased risk of NEC and a 5.1-fold increased risk of surgical NEC or death, compared to fortification with a breast milk-based fortifier.

21.    A Surgeon General report, *The Surgeon General's Call to Action to Support Breastfeeding*, warns that, "for vulnerable premature infants, formula feeding is associated with higher rates of necrotizing enterocolitis."  The report also states that premature infants who are not breastfed are *138% more likely* to develop NEC.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

22.    The American Academy of Pediatrics, "an organization of 67,000 pediatricians committed to the optimal physical, mental, and social health and well-being for all infants, children, adolescents, and young adults," has advised that *all* premature infants should be fed either their mother's milk or, if their mother's milk is unavailable, pasteurized human donor milk.  This recommendation is based on the "potent benefits of human milk," including "lower rates of . . . NEC."

23.    A multicenter, randomized, controlled trial found that premature and low-birth-weight infants fed an exclusive breast milk-based diet suffered NEC only 3% of the time while premature and low-birth-weight infants receiving cow's milk-based formula suffered NEC *21% of the time*.

24.    Another study conducted a randomized comparison of extremely preterm infants who were given either (a) a diet of breast milk fortified with a breast milk-based fortifier or (b) a diet containing variable amounts of cow's milk-based products.  The babies given exclusively breast milk products suffered NEC 5% of the time.  The babies given cow's milk products suffered NEC 17% of the time.

### Safer, Nutritionally Superior Alternatives To Cow's Milk-Based Products Exist

25.    A range of options are available that allow preterm and low-birth-weight infants to be fed exclusively human milk-based nutrition.  For example, in addition to the mother's own milk, an established network delivers pasteurized donor breast milk to hospitals nationwide.  Moreover, hospitals have access to shelf-stable formula and fortifiers derived from pasteurized breast milk.

26.    A diet based exclusively on breast milk and breast milk fortifiers provides all the nutrition necessary to support premature and low-birth-weight infants without the elevated risk of

NEC associated with cow's milk-based products.  For example, in a study analyzing preterm infants who were fed an exclusive breast milk-based diet until they reached 34 weeks, all 104 infants exceeded standard growth targets and met length and head-circumference growth targets, demonstrating that infants can achieve and mostly exceed targeted growth standards when receiving an exclusive breast milk-based diet.  This is particularly true given the ability of breast milk-based fortifiers to provide the additional nutritional supplements necessary for adequate growth while receiving the benefits of a breast milk diet.

27.    Mead Johnson's products not only pose a threat to infants' health, but also displace the breast milk they could otherwise receive.  This displacement only increases infants' vulnerability to NEC, as studies show that breast milk has a lower risk profile for the disease.  For example, a study analyzing 1,587 infants across multiple institutions concluded that an exclusive breast milk-based diet is associated with significant benefits for extremely premature infants and that it produced no feeding-related adverse outcomes.

28.    For the above reasons, specialized experts acknowledge that breast milk is the best source of nutrition for preterm infants and those at risk for NEC.  Breast milk-based nutrition nourishes infants while creating a significantly lower risk of NEC.

29.    At the time K.H. received Mead Johnson's products, the science clearly demonstrated to Mead Johnson that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death.

30.    Despite the scientific consensus among experts that Mead Johnson's cow's milk-based products present a dire threat to the health and development of preterm infants, Mead Johnson has made no changes to its products or the products' packaging, guidelines, instructions,

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

or warnings. Instead, Mead Johnson has continued to sell its unreasonably dangerous products to unsuspecting parents and to healthcare providers, generating huge profits as a result.

### *Mead Johnson's False And Misleading Marketing Regarding*

### *Cow's Milk Based Infant Products*

31.    Mead Johnson has aggressively marketed its cow's milk-based products as medically endorsed and nutritionally equivalent alternatives to breast milk, including prior to K.H.'s birth.

32.    Mead Johnson's marketing approach includes targeting the parents of preterm infants while they are still in the hospital with messages that Mead Johnson's cow's milk formulas and fortifiers are necessary for the growth and development of their vulnerable children.  Often these tactics implicitly discourage mothers from breastfeeding, which reduces the mother's supply of breast milk.  *None* of Mead Johnson's marketing materials, including its promotional websites, reference the science showing how significantly its products increase the risk of NEC.

33.    Numerous studies have shown the detrimental impact of formula advertising on the rates of initiation and continuation of breastfeeding, including studies that show that as "hand feeding" (non-breastfeeding) advertisements increase, reported breastfeeding rates decrease in the following year.

34.    Undoubtedly aware of the impact of its advertising, Mead Johnson, along with other formula manufacturers, are willing to spend massive sums to disseminate its message, with one study estimating that formula manufacturers collectively spent $4.48 billion on marketing and promotion in 2014 alone.

35.    Recognizing the abuse and dangers of infant formula marketing, in 1981, the World Health Assembly—the decision-making body of the World Health Organization—

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

developed the International Code of Marketing of Breast-milk Substitutes ("the Code"), which required companies to acknowledge the superiority of breast milk, the negative effect on breastfeeding of introducing partial bottle-feeding, and the difficulty of reversing the decision not to breastfeed.  The Code also forbade advertising or other forms of promotion of formula to the general public, as well as providing sample products to mothers or members of their families.

36.    While Mead Johnson acknowledges the Code on its websites and claims to support the effort to encourage mothers to breastfeed for as long as possible, this is little more than lip service.  Instead, Mead Johnson's aggressive marketing exploits new parents' darkest fears—that the nutrition they are supplying to their child will not provide the best chance of survival—while wholly failing to warn that its products come with a significantly increased risk of NEC.

37.    Mead Johnson markets and sells multiple products specifically targeting premature infants, including Enfamil NeuroPro EnfaCare Infant Formula, Enfamil Premature Infant Formula 24 Cal High Protein, Enfamil Premature Infant Formula 30 Cal with Iron, Enfamil Premature Infant Formula 24 Cal with Iron, Enfamil Premature Infant Formula 20 Cal with Iron, Enfamil 24 Cal Infant Formula, and Enfamil Human Milk Fortifier (acidified liquid and powder).  In advertising these products, Mead Johnson emphasizes the purported similarities between its formula and breast milk, while failing to include any information about the deficits and dangers that accompany its preterm products.  For example, the since-edited webpage for Enfamil EnfaCare stated: "Premature babies fed Enfamil® formulas during the first year have achieved catch-up growth similar to that of full term, breastfed infants" and noted that Enfamil formulas include "expert-recommended levels of DHA and ARA (important fatty acids found naturally in breast milk) to support brain and eye development."

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

38.     One Enfamil advertisement, introducing a new product line called Enfamil NeuroPro, is entirely focused on favorably comparing Enfamil's formula to breast milk, without any mention of the product's extreme risks.  Indeed, the terms "human milk" and "breast milk" are used 13 times in the advertisement, including in such statements as "for decades human milk has inspired the advancements in Enfamil formulas and now through extensive global research, we are taking an even closer look at human milk" and "only Enfamil NeuroPro has a fat blend of MFGM and DHA previously found only in breast milk."  The webpage for the product has made similar manipulative claims, stating "Enfamil is backed by decades of **breast milk research** and multiple clinical studies" and it claims that "to create our best formulas, we collaborated on some of the most extensive **breast milk studies** to date" (emphasis added).

39.     Formula manufacturers have long used their relationships with hospitals and the discharge process to encourage parents to substitute formula for breast milk.  They offer free formula, coupons, and even entire gift baskets to parents in hospitals, medical clinics, and residential charities where out-of-town families stay while their babies receive long-term treatment in the NICU.

40.     Ms. Mackey was responsible for convincing hospital personnel, including personnel at the hospitals where K.H. was treated and developed NEC, to give Mead Johnson's products to infants and/or to convince parents like Cadence Collins to allow their children to be fed those products.

41.     In connection with her job duties, Ms. Mackey provided information about Mead Johnson's products to hospital personnel, including personnel at the hospitals where K.H. was treated and developed NEC.  Mead Johnson sales representatives, including Ms. Mackey, routinely misrepresented the risks and benefits of Mead Johnson's products versus human milk and human

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

milk products, including the misrepresentation that premature babies would not grow adequately with human milk and human milk products and that use of donor milk was not advised for premature infants.

42.    Through Mead Johnson's early targeting, it creates brand loyalty under the guise of a "medical blessing," in hopes that new parents continue to use its term and toddler formula after they leave the hospital, resulting in increased expense for parents, significantly increased risk for babies, and increased profit for Mead Johnson.  Mead Johnson's gift baskets send confusing signals to mothers who are simultaneously being encouraged to breastfeed by their health care professionals, and they have been shown to negatively impact breastfeeding rates.

43.    Further, upon recognition of a shift in the medical community towards an exclusive breast milk-based diet for premature infants, Mead Johnson developed "Enfamil Human Milk Fortifier."  This name is misleading in that it suggests that the product is derived from breast milk, when, in fact, it is a cow's milk-based product.  One study, for example, found that only 8.8 percent of parents surveyed in the NICU interpreted "human milk fortifier" as potentially meaning a cow's milk-based product.  The packaging appears as:

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM



44.    Mead Johnson has designed powerful misleading marketing campaigns to deceive parents into believing that: (1) cow's milk-based products are safe, including for preterm infants; (2) cow's milk-based products are equal, or even superior, substitutes to breast milk; (3) cow's milk-based products are necessary for proper growth and development of preterm infants; and (4) physicians consider Mead Johnson's cow's milk-based products to be a first choice.  This marketing scheme is employed despite Mead Johnson knowing of and failing to warn of the extreme risk of NEC and death that cow's milk-based products pose to preterm infants like K.H..

### *Mead Johnson's Inadequate Warnings*

45.    Mead Johnson promotes an aggressive marketing campaign designed to convince parents that its cow's milk-based products are safe and necessary for the growth of a premature infant, the product is in fact extremely dangerous for premature infants.  Enfamil products significantly increase the chances of a premature infant developing potentially fatal NEC.

46.    The Enfamil products Mead Johnson markets specifically for premature infants are commercially available at retail locations and online.  No prescription is necessary.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

47.    Despite knowing of the risk of NEC, the packaging of Mead Johnson's products does not warn of the significantly increased risk of NEC (and resulting medical conditions, and/or death) associated with Mead Johnson's products, or of the magnitude of this increased risk. Mead Johnson likewise did not provide instructions or guidance for how to avoid NEC.

48.    Mead Johnson cites no medical literature or research to guide the use of its products.

49.    Despite knowing of the risk of NEC, Mead Johnson did not warn of the significantly increased risk of NEC (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead Johnson likewise did not provide instructions or guidance for how to avoid NEC.

50.    Mead Johnson deceived the public, parents, physicians, other medical professionals, and medical staff into believing that Enfamil products were a safe and necessary alternative, supplement and/or substitute to breast milk.

51.    Despite knowing that its products were being fed to premature infants, often without the parents' informed consent, Mead Johnson failed to require or recommend that medical professionals or hospitals inform parents of the significant risk of NEC or to require that parental consent be obtained prior to the products being fed to their babies.

### *Safer Alternative Designs*

52.    Mead Johnson's cow's milk-based products made specifically for premature infants are unreasonably unsafe for those infants. Mead Johnson could have used pasteurized breast milk instead of cow's milk in its products, which would have produced a safer product.

53.    Prolacta Bioscience manufactures and sells breast milk-based feeding products, specifically designed for preterm infants, which contain no cow's milk. This alternative design

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

provides all the necessary nutrition for growth and development that cow's milk-based products provide, without the same unreasonably dangerous and deadly effects.

54.     On information and belief, Mead Johnson was aware of the significantly increased risk of NEC and death associated with its cow's milk-based products, and instead of warning of the dangers, or removing them altogether, Mead Johnson has continued to use cow's milk as the foundation of its products.

## COUNT I: STRICT LIABILITY FOR DESIGN DEFECT
### (Against Mead Johnson)

55.     Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

56.      Mead Johnson, as the manufacturers and/or sellers of the products at issue in this litigation, owed a duty to the consuming public in general, and Plaintiffs in particular, to manufacture, sell, and distribute its products in a manner that was not unreasonably dangerous.

57.     Mead Johnson also owed a duty to the consuming public in general, and Plaintiffs in particular, to manufacture, sell, and distribute its products in a manner that was merchantable and reasonably suited for their intended use.

58.      Mead Johnson knew that its products would be used to feed premature infants like K.H. and knew (or reasonably should have known) that use of its cow's milk-based products significantly increased the risk of NEC, serious injury, and death, and that such use was therefore unreasonably dangerous to premature infants, not reasonably suited for the use intended, not merchantable, and had risks that exceeded a reasonable buyer's expectations. Nonetheless, it continued to sell and market its defective products as appropriate for premature infants.

59.     K.H. ingested Mead Johnson's unreasonably dangerous cow's milk-based formula. The risks of feeding that formula to K.H. outweighed the benefits. An ordinary consumer would

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

not expect Mead Johnson's products to carry a significant risk of serious injury and death from NEC.

60.     Mead Johnson knew (or reasonably should have known) that breast milk-based nutrition did not carry the same risks of NEC, serious injury, and death that Mead Johnson's products do.

61.     Mead Johnson's products contained cow's milk at the time they left the manufacturing facility.

62.     Mead Johnson did not develop a human-milk based product that was safer for premature infants and did not reformulate its products to reduce the risk of NEC, serious injury, and death, even though doing so was economically and technologically feasible and even though pasteurized breast milk was an available alternative.

63.     Mead Johnson's products were fed to K.H., which directly and proximately caused her NEC and led to injury and death.

WHEREFORE, Plaintiffs prays for judgment against Defendant Mead Johnson in an amount in excess of Twenty-Five Thousand Dollars ($25,000) that is fair, just, and reasonable under the circumstances, for punitive damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## <u>COUNT II: STRICT LIABILITY FOR FAILURE TO WARN</u>
### (Against Mead Johnson)

64.     Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

65.     Mead Johnson, as the manufacturer and/or seller of the infant products at issue in this litigation, owed a duty to the consuming public in general, and Plaintiffs in particular, to provide adequate warnings or instructions about the dangers and risks associated with the use of

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

its products with preterm infants, specifically including but not limited to the risk of NEC, serious injury, and death.

66.    Mead Johnson's duty to warn is part of its general duty to design, manufacture, and sell its infant products in a manner that is reasonably safe for their foreseeable uses. By designing its products with cow's milk-based ingredients, Mead Johnson undertook a duty to warn of the unreasonable risk of harm posed by those ingredients, specifically including the significantly increased risk of NEC, severe injury, and death. The failure to warn makes the products at issue in this litigation unreasonably dangerous.

67.    Specifically, Mead Johnson breached its duty to warn of the foreseeable risks of the infant products at issue in this litigation because it knew or should have known that its cow's milk-based premature infant products would be fed to premature infants like K.H., and that its products might cause those infants to develop NEC, severe injury, or death, yet it failed to provide adequate warnings of those risks. Among other risks, Mead Johnson:

a.    Failed to warn that cow's milk-based products significantly increase the risk of NEC, severe injury, and death in those babies; and/or

b.    Failed to warn that cow's milk-based products are unsafe and/or contraindicated for premature infants like K.H.; and/or

c.    Inserted warnings and instructions on its products that are severely inadequate, vague, confusing, and provide a false sense of security in that they warn and instruct specifically on certain conditions, but do not warn of the significantly increased risk of NEC and death; and/or

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

d. Failed to insert a large and prominent "black box"-type warning that its cow's milk-based products are known to significantly increase the risk of NEC and death when compared to breast milk in premature infants; and/or

e. Failed to disclose well-researched and well-established studies that linked cow's milk-based products to NEC and death in premature infants; and/or

f. Failed to insert a warning or instruction to healthcare professionals and other medical staff in the hospital that parents should be provided information necessary to make an informed choice about whether to allow their babies to be fed Mead Johnson's products, notwithstanding their substantial risks; and/or

g. Failed to provide a warning in a method reasonably calculated or expected to reach the parents of newborns; and/or

h. Failed to provide statistical evidence showing the magnitude of increased risk of NEC in premature infants associated with cow's milk-based products.

68. Mead Johnson's products contained cow's milk at the time they left the manufacturing facility.

69. As a direct and proximate result of the inadequacy of the warnings and the pervasive marketing campaigns suggesting the safety and necessity of the Mead Johnson's products, K.H. was fed cow's milk-based products, which caused her to develop NEC.

70. The unwarned-of risks are not of a kind that an ordinary consumer would expect. Had Mead Johnson warned of the extreme risk associated with feeding premature infants cow's milk-based formula, physicians and health care providers would not have fed the Injured Infant those products. Had Ms. Collins known of the significant risks of feeding K.H. cow's milk-based formula, she would not have allowed such products to be fed to her child.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

WHEREFORE, Plaintiffs pray for judgment against Defendant Mead Johnson in an amount in excess of Twenty-Five Thousand Dollars ($25,000) that is fair, just, and reasonable under the circumstances, for punitive damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## <u>COUNT III: NEGLIGENCE</u>
**(Against Mead Johnson and Jessica Mackey)**

71.     Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

72.     Mead Johnson as the manufacturer and/or seller of the products at issue in this litigation, and Ms. Mackey, as the sales representative promoting and educating hospitals and health care providers, including K.H.'s hospital and health care providers, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, and distribute a product free of unreasonable risk of harm to users, when such products are used in their intended manner and for their intended purpose, and warn the consuming public of any risks associated with Mead Johnson's products.

73.     At all times relevant to this action, K.H.'s health care providers used the products at issue in their intended manner and for their intended purpose.

74.     Mead Johnson, directly or indirectly, negligently, and/or defectively made, created, manufactured, designed, assembled, tested, marketed, sold, and/or distributed the cow's milk-based infant products at issue in this litigation and thereby breached its duty to the general public and Plaintiffs.  Ms. Mackey, directly or indirectly, negligently marketed, sold, and/or distributed Mead Johnson's cow's milk-based infant products at issue in this litigation, including to Ms. Collins and K.H.'s caregivers, and thereby breached her duty to the general public and the Plaintiffs.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

75.    Although Mead Johnson knew or reasonably should have known at the time of production that its cow's milk-based infant products significantly increased the risk of NEC, serious injury, and death, it failed to act in a reasonably prudent manner and breached its duty by:

a.  Failing to warn that cow's milk-based products significantly increase the risk of NEC, severe injury, and death in those babies; and/or

b.  Failing to warn that cow's milk-based products are unsafe and/or contraindicated for premature infants like K.H.; and/or

c.  Inserting warnings and instructions that are severely inadequate, vague, confusing, and provide a false sense of security in that they warn and instruct specifically on certain conditions, but do not warn of the significantly increased risk of NEC and death; and/or

d.  Failing to insert a large and prominent "black box"-type warning that its cow's milk-based products are known to significantly increase the risk of NEC and death when compared to breast milk in premature infants; and/or

e.  Failing to provide well-researched and well-established studies that linked cow's milk-based products to NEC and death in premature infants; and/or

f.  Failing to insert a warning or instruction to healthcare professionals and other medical staff in the hospital that parents should be provided information necessary to make an informed choice about whether to allow their babies to be fed Mead Johnson's products, notwithstanding their substantial risks; and/or

g.  Failing to provide a warning in a method reasonably calculated/expected to reach the parents of newborns; and/or

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

h. Failing to provide statistical evidence showing the magnitude of increased risk of NEC in premature infants associated with cow's milk-based products.

76.    Ms. Mackey knew or reasonably should have known at the time of marketing, sale, and/or distribution of Mead Johnson's cow's milk-based infant products that they significantly increased the risk of NEC, serious injury, and death; she failed to act in a reasonably prudent manner and breached her duty by:

a. Failing to warn that cow's milk-based products significantly increase the risk of NEC, severe injury, and death in those babies; and/or

b. Failing to warn that cow's milk-based products are unsafe and/or contraindicated for premature infants like K.H.; and/or

c. Failing to provide the hospitals for which she was Mead Johnson's sales representative, including K.H.'s treating hospitals, with the well-researched and well-established studies that link cow's milk-based products to NEC and death in premature infants; and/or

d. Failing to provide a warning in a method reasonably calculated/expected to reach the parents of newborns; and/or

e. Failing to provide statistical evidence showing the magnitude of increased risk of NEC in premature infants associated with cow's milk-based products; and/or

f. Misrepresenting that premature babies would not grow adequately with human milk and human milk products and that use of donor milk was not advised for premature infants.

77.    In addition, although Mead Johnson knew or reasonably should have known at the time of production that its cow's milk-based products significantly increased the risk of NEC,

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

serious injury, and death, it failed to act in a reasonably prudent manner and breached its duty by failing to perform the necessary process of data collection, detection, assessment, monitoring, prevention, and reporting or disclosure of adverse outcomes in infants who ingest its products.

78.    As a direct and proximate result of Mead Johnson's and Ms. Mackey's failure to act in a reasonably prudent manner and their breach of duty, K.H. was fed cow's milk-based products, which caused her to develop NEC.

79.    Had Mead Johnson and Ms. Mackey satisfied their duties to the consuming public in general, K.H. would not have been exposed to their unreasonably dangerous cow's milk-based products.

WHEREFORE, Plaintiffs pray for judgment against Defendant Mead Johnson in an amount in excess of Twenty-Five Thousand Dollars ($25,000) that is fair, just, and reasonable under the circumstances, for punitive damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## COUNT IV: INTENTIONAL MISREPRESENTATION
### (Against the Mead Johnson and Jessica Mackey)

80.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

81.    At all times relevant to this action, K.H. (and Ms. Collins) used the products at issue in their intended manner and for their intended purpose.

82.    Mead Johnson as the manufacturer and/or seller of the products at issue in this litigation, and Ms. Mackey, as the sales representative promoting and educating hospitals and health care providers, including K.H.'s hospital and health care providers, about the products at issue in this litigation, owed a duty to the consuming public in general, and Plaintiffs in particular,

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

to provide truthful, accurate, fulsome information about the risks and benefits of using Mead Johnson's products when used in the intended manner and for the intended purpose.

83.    Mead Johnson and Ms. Mackey breached their duty through misrepresentations made to consumers, physicians, and medical staff in their advertising and promotional materials, as described in previous paragraphs and incorporated herein, each of whom were foreseeable and intended recipients of this information.

84.    Specifically, upon information and belief, Mead Johnson and Ms. Mackey made the following false statements of material fact on an ongoing and repeated basis and prior to the time K.H. Huson was fed their products:

a.    That Mead Johnson's cow's milk-based products were safe and beneficial for premature infants when they knew or should have known that Mead Johnson's products were unreasonably dangerous and cause NEC, serious injury, and death in premature infants; and/or

b.    That Mead Johnson's cow's milk-based products were necessary to the growth and nutrition of premature infants, when they knew or should have known that Mead Johnson's products were not necessary to achieve adequate growth; and/or

c.    That Mead Johnson's products have no serious side effects, when they knew or should have known the contrary to be true; and/or

d.    That cow's milk-based products were safe for premature infants; and/or

e.    That cow's milk-based products were necessary for optimum growth; and/or

f.    That cow's milk-based products were similar or equivalent to breast milk; and/or

g.    That Mead Johnson's products were safe and more like breast milk than other infant products and that they had removed the harmful ingredients of cow's milk when,

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

in fact, the cow's milk in Mead Johnson's products was still capable of causing NEC, serious injury, and death; and/or

h. That Mead Johnson's products were based on up-to-date science, which made them safe for premature infants; and/or

i. Omitting the material fact that Mead Johnson's products significantly increased the risk of NEC in premature infants.

85.    Mead Johnson and Ms. Mackey knew or reasonably should have known those misrepresentations to be false.

86.    Mead Johnson's and Ms. Mackey's misrepresentations were intended to, and in fact did, induce hospitals and health care providers, including K.H.'s hospital and health care providers, to provide their infant products to babies, including K.H..

87.    Ms. Collins was not aware that these misrepresentations were false and justifiably relied on them.  Mead Johnson's and Ms. Mackey's misrepresentations induced Ms. Collins and her health care providers to allow her child to be fed Mead Johnson's infant products, in reliance on all the messaging Ms. Collins received about formula feeding, including, directly or indirectly, Mead Johnson's and Ms. Mackey's messaging.  Had Mead Johnson and Ms. Mackey not committed these intentional misrepresentations, K.H. would not have been exposed to the Mead Johnson's unreasonably dangerous cow's milk-based products.

88.    As a direct and proximate result, Mead Johnson's products were fed to K.H., causing her NEC and subsequent injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendant Mead Johnson in an amount in excess of Twenty-Five Thousand Dollars ($25,000) that is fair, just, and reasonable

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

under the circumstances, for punitive damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

**<ins>COUNT V: NEGLIGENT MISREPRESENTATION</ins>**
**(Against the Mead Johnson and Jessica Mackey)**

89.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

90.    At all times relevant to this action, K.H. used the products at issue in their intended manner and for their intended purpose.

91.    Mead Johnson as the manufacturer and/or seller of the products at issue in this litigation, and Ms. Mackey, as the sales representative promoting and educating hospitals and health care providers, including K.H.'s hospital and health care providers, about the products at issue in this litigation, owed a duty to the consuming public in general, and Plaintiffs in particular, to provide truthful, accurate, and complete information about the risks and benefits of using Mead Johnson's products when used in the intended manner and for the intended purpose.

92.    In the course of their business, Mead Johnson and Ms. Mackey breached their duty through misrepresentations made to consumers, physicians, and medical staff in their advertising and promotional materials, as described in previous paragraphs and incorporated herein, each of whom were foreseeable recipients of this information.

93.    Specifically, upon information and belief, Mead Johnson made the following false statements of material fact on an ongoing and repeated basis and prior to the time K.H. was fed its products:

　　a.    That its cow's milk-based products were safe and beneficial for premature infants when it knew or should have known that its products were unreasonably dangerous and cause NEC, serious injury, and death in premature infants; and/or

Page **24** of **28**

b. That its cow's milk-based products were necessary to the growth and nutrition of premature infants, when it knew or should have known that its products were not necessary to achieve adequate growth; and/or

c. That its products have no serious side effects, when it knew or should have known the contrary to be true; and/or

d. That cow's milk-based products were safe for premature infants; and/or

e. That cow's milk-based products were necessary for optimum growth; and/or

f. That cow's milk-based products were similar or equivalent to breast milk; and/or

g. That its products were safe and more like breast milk than other infant products and that they had removed the harmful ingredients of cow's milk when, in fact, the cow's milk in its products was still capable of causing NEC, serious injury, and death; and/or

h. That its products were based on up-to-date science, which made them safe for premature infants; and/or

i. Omitting the material fact that its products significantly increased the risk of NEC in premature infants.

94.     Upon information and belief, Ms. Mackey made the same false statements of material fact on an ongoing and repeated basis including to individuals at K.H.'s treating hospitals and prior to the time K.H. was fed Mead Johnson's products.  Upon information and belief, Ms. Mackey also represented that premature babies would not grow adequately with human milk and human milk products and that use of donor milk was not advised for premature infants.

95.     Mead Johnson and Ms. Mackey were negligent or careless in not determining those representations to be false.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

96.    Mead Johnson's and Ms. Mackey's misrepresentations were intended to and did in fact induce hospitals and health care providers, including K.H.'s health care providers, to provide Mead Johnson's products to babies, including K.H..

97.    Mead Johnson's and Ms. Mackey's misrepresentations induced, and were intended to induce, Ms. Collins to allow her child to be fed Mead Johnson's infant products, in justifiable reliance on all the messaging they received about formula feeding, including, directly or indirectly, Mead Johnson's and Ms. Mackey's messaging.  Had Mead Johnson and Ms. Mackey not committed these negligent misrepresentations, K.H. would not have been exposed to Mead Johnson's unreasonably dangerous cow's milk-based products.

98.    As a direct and proximate result, Mead Johnson's products were fed to K.H., causing her NEC and subsequent injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendant Mead Johnson in an amount in excess of Twenty-Five Thousand Dollars ($25,000) that is fair, just, and reasonable under the circumstances, for punitive damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

99.    For compensatory damages in an amount to be proven at trial;

100.    For damages for past, present, and future emotional distress, loss of enjoyment of life, pain and suffering, mental anguish, and other non-economic losses sustained as a result of Defendants' conduct;

101.    For past, present, and future out-of-pocket costs, lost income and/or lost revenue, and/or lost profits, and/or lost business opportunity, lost earning capacity, and costs related to

medical or mental health treatment which have or may be recommended;

102.    For interest as permitted by law;

103.    For attorney's fees, expenses, and recoverable costs incurred in connection with this action; and

104.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims triable.

Dated: June 14, 2024

Respectfully submitted,

*/s/ John F. Garvey*
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Ste. 1510
St. Louis, MO  63101
(314) 390-6750
(615) 255-5419 fax
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
Amelia Frenkel (*PHV forthcoming*)
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiff*

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:36 AM

**<u>Certificate of Filing</u>**

The undersigned hereby certifies that the foregoing Petition has been filed by using the Court's electronic case filing system on this 14th  day of June, 2024.

*/s/John F. Garvey* _____

2422-CC01642

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

|  |  |  |
|---|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., | ) ) ) | |
| *Plaintiffs*, | ) ) | Cause No. |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MEAD JOHNSON & COMPANY, LLC, | ) ) | |
| MEAD JOHNSON NUTRITION COMPANY, and | ) ) | |
| JESSICA MACKEY | ) ) | |
| *Defendants.* | ) ) ) | |

## PETITION FOR APPOINTMENT OF NEXT FRIEND

Cadence Collins, for her Petition to be appointed Next Friend of K.H. under the Missouri Rules of civil Procedure, states as follows:

1.      Cadence Collins is the nature mother of K.H., who is a Plaintiff seeking damages in the above-entitled case.

2.      K.H. is a minor child.

3.      Cadence Collins desires to be appointed as next friend of K.H. for purposes of litigating this action on her behalf and has filed a consent to act as her Next Friend, which is attached, adopted, and incorporated by reference.

WHEREFORE, Cadence Collins, natural mother of K.H., prays that she be appointed as Next Friend of K.H. for the purpose of litigating this action on her behalf.

Respectfully submitted,


/s/ John F. Garvey
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Ste. 1510
St. Louis, MO  63101
(314) 390-6750
(615) 255-5419 fax
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com


Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
Amelia Frenkel (*PHV forthcoming*)
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com
amelia.frenkel@kellerpostman.com


*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that the foregoing Petition for Appointment of Next Friend has been filed by using the Court's electronic case filing system on this 14th day of June, 2024.


/s/John F. Garvey

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| **CADENCE COLLINS, on her own behalf and on behalf of her minor child K.H.,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MEAD JOHNSON & COMPANY, LLC,** ) | |
| **MEAD JOHNSON NUTRITION COMPANY, and** ) | Cause No. |
| **JESSICA MACKEY** ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendants.* ) | |
| ) | |

<u>**CONSENT TO ACT AS NEXT FRIEND**</u>

I, Cadence Collins, consent and am willing to serve as the Next Friend of K.H., a minor

under the age of 18, for the purpose of resolving the above-referenced cause.

DocuSigned by:

_____
Cadence Collins

2422-CC01642

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., ) ) ) | |
| *Plaintiff*, ) | Cause No. |
| v. ) | **JURY TRIAL DEMANDED** |
| MEAD JOHNSON & COMPANY, LLC, ) | |
| MEAD JOHNSON NUTRITION COMPANY, and ) | |
| JESSICA MACKEY ) | |
| *Defendants*. ) | |

**ORDER GRANTING PETITION FOR APPOINTMENT OF NEXT FRIEND**

COMES NOW the Court, upon Cadence Collins' Petition for Appointment of Next Friend, and being duly advised of the premises, find as follows:

Cadence Collins is hereby appointed Next Friend of K.H. for the express purpose of instituting and prosecuting the above-referenced cause.

**SO ORDERED:**

_____
**JUDGE**

**DATED:**_____

**2422-CC01642**

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri

Cadence Collins, Ind. and as N.F. of K.H.
_____
Plaintiff/Petitioner

vs.

Mead Johnson & Company, LLC, et al.
_____
Defendant/Respondent

June 14, 2024
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Cadence Collins, Individually as as Next Friend of K.H._____ , pursuant
            Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts/DMR Investigations, LLC | 620-B E High, Jeff City, MO 65101 | 573-634-7200 |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Mead Johnson & Company, LLC,
_____
Name
CSC-Lawyers Incorporating Service Company
_____
Address
221 Bolivar St., Jefferson City, MO 65101
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
Mead Johnson Nutrition Company
_____
Name
CSC-Lawyers Incorporating Service Company
_____
Address
221 Bolivar St., Jefferson City, MO  65101
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _M MCMULLEN_____
    Deputy Clerk
    _JUNE 19, 2024_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1510, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

## RULE 14 SPECIAL PROCESS SERVERS

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

**2422-CC01642**

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Cadence Collins, Ind. and as N.F. of K.H.

_____
Plaintiff/Petitioner

vs.

Mead Johnson & Company, LLC, et al.

_____
Defendant/Respondent

June 14, 2024
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Cadence Collins, Individually as as Next Friend of K.H.                    , pursuant
                                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts/DMR Investigations, LLC | 620-B E High, Jeff City, MO 65101 | 573-634-7200 |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Mead Johnson & Company, LLC,
_____
Name
CSC-Lawyers Incorporating Service Company
_____
Address
221 Bolivar St., Jefferson City, MO 65101
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
Mead Johnson Nutrition Company
_____
Name
CSC-Lawyers Incorporating Service Company
_____
Address
221 Bolivar St., Jefferson City, MO  65101
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
     Deputy Clerk


_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1510, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

## RULE 14 SPECIAL PROCESS SERVERS

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**2422-CC01642**

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Cadence Collins, Ind. and as N.F. of K.H.
_____
Plaintiff/Petitioner

vs.

Mead Johnson & Company, LLC, et al.
_____
Defendant/Respondent

June 14, 2024
_____
Date

_____
Case number

_____
Division

⌐                                    ¬
          For File Stamp Only

⌂                                    ⌂

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Cadence Collins, Individually as as Next Friend of K.H. , pursuant
                                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Dennis Dahlberg/Dahlberg & Associates | 1107 Chatelet Dr., St. Louis, MO 63135 | 314-524-7835 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Jessica Mackey
_____
Name
1044 Haversham Place
_____
Address
St. Louis, MO  63131
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By  _M MCMULLEN_____
          Deputy Clerk
      _JUNE 19, 2024_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1510, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**2422-CC01642**

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

In the
# CIRCUIT COURT
### City of St. Louis, Missouri

Cadence Collins, Ind. and as N.F. of K.H.
_____
Plaintiff/Petitioner

June 14, 2024
_____
Date

vs.

Mead Johnson & Company, LLC, et al.
_____
Defendant/Respondent

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Cadence Collins, Individually as as Next Friend of K.H. , pursuant
_____
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Dennis Dahlberg/Dahlberg & Associates | 1107 Chatelet Dr., St. Louis, MO 63135 | 314-524-7835 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Jessica Mackey
_____
Name
1044 Haversham Place
_____
Address
St. Louis, MO  63131
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
       Deputy Clerk

_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1510, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - CITY OF ST. LOUIS - June 14, 2024 - 06:43 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2422-CC01642 |
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br> MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MEAD JOHNSON & COMPANY, LLC
Alias:

CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| **June 19, 2024** | _Thomas J Hoyzinger_ |
|---|---|
| Date | Circuit Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
Date        Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $      10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | **Case Number:  2422-CC01642** |
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br> MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  **MEAD JOHNSON NUTRITION COMPANY**<br>**Alias:** | |
|---|---|
| CSC LAWYERS INCORPORATING<br>SERVICE COMPANY<br>221 BOLIVAR ST<br>JEFFERSON CITY, MO  65101 | **SPECIAL PROCESS SERVER** |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____**June 19, 2024**_____          _Thomas J Loyspinger_____
                                    Date                                                    Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                            Date                                  Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2422-CC01642 |
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br> MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  JESSICA MACKEY
                          Alias:

**1044 HAVERSHAM PLACE**
**ST. LOUIS, MO  63131**

SPECIAL PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*CITY OF ST LOUIS*

_____ **June 19, 2024** _____            _Thomas J Voyszinger_____
                         Date                                                    Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
        Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

                    **Must be sworn before a notary public if not served by an authorized officer:**

                    Subscribed and sworn to before me on _____ (date).

*(Seal)*

                    My commission expires: _____   _____
                                                                Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - June 21, 2024 - 01:02 PM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., ) ) ) | |
| *Plaintiff*, ) | Cause No. 2422-CC01642 |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| MEAD JOHNSON & COMPANY, LLC, ) | |
| MEAD JOHNSON NUTRITION COMPANY, and ) | |
| JESSICA MACKEY ) | |
| *Defendants.* ) ) | |

**PLAINTIFF'S MEMORANDUM FILING RETURN
OF SERVICE ON DEFENDANT MEAD JOHNSON & COMPANY, LLC**

COMES NOW Plaintiff, by and through her undersigned counsel, and files herewith Process Server's Return of Service of Summons on Defendant Mead Johnson & Company, LLC., which is attached hereto.

Dated:  June 21, 2024.

/s/ John F. Garvey
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Ste. 1510
St. Louis, MO  63101
(314) 390-6750
(615) 255-5419 fax
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

Electronically Filed - CITY OF ST. LOUIS - June 21, 2024 - 01:02 PM

Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
Amelia Frenkel (*PHV forthcoming*)
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com
amelia.frenkel@kellerpostman.com


*Attorneys for Plaintiffs*

**<u>Certificate of Service</u>**

The undersigned hereby certifies that the foregoing Memorandum Filing Return of Service has been filed by using the Court's electronic case filing system on this 21st day of June, 2024, thereby serving all registered parties of record.

*/s/John F. Garvey* _____



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC01642 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO  63101 | |
| vs. | | |
| Defendant/Respondent:<br>MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MEAD JOHNSON & COMPANY, LLC**
Alias:

CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

| SPECIAL PROCESS SERVER |
|---|

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

June 19, 2024                           _Thomas J Loysprincen_
_____                    _____
Date                                   Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____ , a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to:
_LAUREN SHIPLEY_ (name) _designee of Reg. Agent_ (title).
☐ other: _____

Served at _221 Bolivar St., Jefferson City, MO 65101_ (address)
in _Cole_ (County/City of St. Louis), MO, on _06/20/24_ (date) at _1:59 pm_ (time).

_David M. Roberts_                      _DM Roberts_
Printed Name of Sheriff or Server       Signature of Sheriff or Server

TERESA SHIELDS
Notary Public - Notary Seal
STATE OF MISSOURI
County - Cole
Commission # 21418553
My Commission Expires: 12/12/2025

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _June 20th, 2024_ (date).
(Seal)
My commission expires: _12/12/2025_    _Teresa Shields_
Date                                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - June 21, 2024 - 01:03 PM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| Cadence Collins, individually and as Next Friend of her minor child K.H., ) ) ) | |
| Plaintiff, ) | Cause No. 2422-CC01642 |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| Mead Johnson & Company, LLC, ) | |
| Mead Johnson Nutrition Company, and ) | |
| Jessica Mackey ) | |
| Defendants. ) ) | |

**PLAINTIFF'S MEMORANDUM FILING RETURN**
**OF SERVICE ON DEFENDANT MEAD JOHNSON NUTRITION COMPANY**

COMES NOW Plaintiff, by and through her undersigned counsel, and files herewith

Process Server's Return of Service of Summons on Defendant Mead Johnson Nutrition

Company, which is attached hereto.

Dated:  June 21, 2024.

/s/ John F. Garvey
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Ste. 1510
St. Louis, MO  63101
(314) 390-6750
(615) 255-5419 fax
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

Electronically Filed - CITY OF ST. LOUIS - June 21, 2024 - 01:03 PM

Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
Amelia Frenkel (*PHV forthcoming*)
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiffs*

**Certificate of Service**

The undersigned hereby certifies that the foregoing Memorandum Filing Return of Service has been filed by using the Court's electronic case filing system on this 21st  day of June, 2024, thereby serving all registered parties of record.

*/s/John F. Garvey* _____

Electronically Filed - CITY OF ST. LOUIS - June 21, 2024 - 01:03 PM



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC01642 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO 63101 | |
| vs. | | |
| Defendant/Respondent:<br>MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: **MEAD JOHNSON NUTRITION COMPANY**<br>**Alias:** | |
|---|---|
| CSC LAWYERS INCORPORATING<br>SERVICE COMPANY<br>221 BOLIVAR ST<br>JEFFERSON CITY, MO 65101 | SPECIAL PROCESS SERVER |

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

June 19, 2024 _____
Date                                Circuit Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other: _____

Served at 221 BOLIVAR ST. JEFFERSON CITY, MO 65101 (address)

in COLE (County/City of St. Louis), MO, on 06/20/24 (date) at 1:59 pm (time).

DAVID M. ROBERTS _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

TERESA SHIELDS
Notary Public - Notary Seal
STATE OF MISSOURI
County of Cole
Commission # 21418553
My Commission Expires: 12/12/2025

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on June 20th 2024 (date).

My commission expires: 12/12/2025 _____
Date                                Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ ( ____ miles @ $.____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - June 27, 2024 - 08:27 AM

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri

Cadence Collins, Ind. and as Next Friend of K.H.
_____
Plaintiff/Petitioner

vs.

Mead Johnson & Company, LLC, et al.
_____
Defendant/Respondent

June 27, 2024
_____
Date

2422-CC01642
_____
Case number

1
_____
Division

⌐           For File Stamp Only     ¬

⌊                               ⌋

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Cadence Collins, Individually and as Next Friend of K.H. , pursuant
_____
                                Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Dan West/Captured Investigative Agency | 8235 Forsyth, Ste. 1100, St. Louis, MO | 314-392-3205 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Drew Scott/Captured Investigative Agency | 8235 Forsyth, Ste. 1100, St. Louis,MO | 314-392-3205 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Jessica Mackey
_____
Name
1044 Haversham Place
_____
Address
St. Louis, MO  63131
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
    Deputy Clerk

_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1150, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - CITY OF ST. LOUIS - June 27, 2024 - 08:27 AM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri

Cadence Collins, Ind. and as Next Friend of K.H.
_____
Plaintiff/Petitioner

vs.

Mead Johnson & Company, LLC, et al.
_____
Defendant/Respondent

June 27, 2024
_____
Date

2422-CC01642
_____
Case number

1
_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Cadence Collins, Individually and as Next Friend of K.H. , pursuant
_____
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Dan West/Captured Investigative Agency | 8235 Forsyth, Ste. 1100, St. Louis, MO | 314-392-3205 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Drew Scott/Captured Investigative Agency | 8235 Forsyth, Ste. 1100, St. Louis,MO | 314-392-3205 |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Jessica Mackey
_____
Name
1044 Haversham Place
_____
Address
St. Louis, MO  63131
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _____
        Deputy Clerk

_____
Date

John F. Garvey
_____
Attorney/Plaintiff/Petitioner
35879
_____
Bar No.
701 Market St., Ste. 1150, St. Louis, MO 63101
_____
Address
314-390-6750
_____
Phone No.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2422-CC01642 |
| Plaintiff/Petitioner:<br>CADENCE COLLINS | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>701 MARKET ST<br>SUITE 1510<br>ST LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br> MEAD JOHNSON & COMPANY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## ALIAS Summons in Civil Case

The State of Missouri to:  JESSICA MACKEY
                              Alias:

1044 HAVERSHAM PLACE
ST. LOUIS, MO  63131

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____**June 28, 2024**_____        _____Thomas J Loypsinger_____
                    Date                                      Circuit Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
        Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                        Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - July 14, 2024 - 11:46 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., ) ) ) | |
| *Plaintiff*, ) | Cause No. 2422-CC01642 |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| MEAD JOHNSON & COMPANY, LLC, ) | |
| MEAD JOHNSON NUTRITION COMPANY, and ) | |
| JESSICA MACKEY ) | |
| *Defendants*. ) ) | |

## PLAINTIFF'S MEMORANDUM FILING RETURN OF SERVICE ON DEFENDANT JESSICA MACKEY

COMES NOW Plaintiff, by and through her undersigned counsel, and files herewith

Process Server's Return of Service of Summons on Defendant Jessica Mackey, which is attached

hereto as Exhibit 1.

Dated:  July 14, 2024.

*/s/ John F. Garvey*
John F. Garvey, #35879
Colleen Garvey, #72809
Ellen A. Thomas, #73043
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Ste. 1510
St. Louis, MO  63101
(314) 390-6750
(615) 255-5419 fax
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

Ashley Keller (*PHV forthcoming*)
Benjamin J. Whiting (*PHV forthcoming*)
Amelia Frenkel (*PHV forthcoming*)
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com
amelia.frenkel@kellerpostman.com

*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that the foregoing Memorandum Filing Return of Service has been filed by using the Court's electronic case filing system on this 14th day of July, 2024, thereby serving all registered parties of record.

*/s/John F. Garvey*

Electronically Filed - CITY OF ST. LOUIS - July 14, 2024 - 11:46 AM

Electronically Filed - CITY OF ST. LOUIS - July 14, 2024 - 11:46 AM

# EXHIBIT 1

Electronically Filed - CITY OF ST. LOUIS - July 14, 2024 - 11:46 AM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

CANDENCE COLLINS

               Plaintiff

       v.

MEAD JOHNSON AND COMPANY LLC

               Defendant

Case No.:2422-CC01642

## <u>AFFIDAVIT OF SUBSTITUTED SERVICE</u>

That I, Dan West hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 7/11/2024 at 7:10 PM at 1044 Haversham Pl, Saint Louis, MO 63131-4605 I served JESSICA MACKEY with the following list of documents: SUMMONSPETITION SPS FORM by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Chris Mackey whose relationship is Spouse.

That the address above is the dwelling house or usual place of abode of the person being served.

That the person with whom the documents were left stated he/she is a member of the household/who resides therein with the person being served and was of suitable age and discretion, and was explained the general nature of the documents.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told  ☒  No they were not ☐  Yes they are   ☐   No answer was given.

That if required, a copy of said documents was mailed postpaid, sealed wrapper, properly addressed to JESSICA MACKEY at 1044 Haversham Pl, Saint Louis, MO 63131-4605 on 7/11/2024 following all requirements of the State Rules in which the above captioned case is filed.

That the fee for this Service is  $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST. LOUIS COUNTY
COMMISSION #15138515

*John Gregory Houseman*

Subscribed and sworn before me, a Notary Public, this 13th day of July, 2024

_____
John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

_____
Dan West
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

_____
Executed On:

Order #:38983
File CADENCE COLLINS